REQUESTED BY: Donald S. Leuenberger, State Tax Commissioner, Lincoln, Nebraska
1. Are federal, state, and local governments, their agencies, or other exempt organizations entitled to the refund of sales and use tax paid by their contractors on the purchase of tangible personal property used in manufacturing, maintenance, or construction contracts?
2. Are the federal government and its agencies entitled to the refund of sales and use taxes paid by their contractors on purchases of tangible personal property incorporated into improvements on real estate of the federal government or its agencies?
3. Are the contractors of federal, state, and local governments, their agencies, or other exempt organizations entitled to the refund of sales and use taxes paid on purchases described in questions 1 and 2?
1. No.
2. Yes.
3. No.
1. This question involves the purchase by a contractor of machinery, tools, or equipment which will be used in the fulfillment of a contract with an entity which is exempt or immune from the sales and use tax. Obviously, the payment of the tax by the contractor will increase his cost, which will tend to increase the price he will charge for his services. Indirectly, the economic impact of the tax will be borne by the exempt organization.
This is of no consequence. The tax is on the contractor, not the exempt organization. In most cases, of course, the machinery or equipment will also be used in the fulfillment of contracts with nonexempt organizations, but even where it is used only in connection with contracts with exempt or immune entities, the law makes no provision for exemption in that situation, or for refund of taxes paid. As we will discuss more fully in answer to your second question, the law does not extend exemptions to indirect economic impacts upon exempt entities, except as specifically provided by the statutes.
2. Neb.Rev.Stat. § 77-2702(3) (Reissue 1981) provides that the contractor is considered the consumer of tangible personal property furnished by him and incorporated into improvements on real estate. Neb.Rev.Stat. § 77-2704(1)(i) and (1)(m), as amended by LB 278 in 1982, grant relief from the provisions of § 77-2702(3) to certain exempt organizations and governmental entities. The subsections provide that such organizations and entities may alter the status of the construction contractor as the ultimate consumer of tangible personal property incorporated into a structure which becomes the property of the exempt body.
Neb.Rev.Stat. § 77-2704(1)(s) provides:
 Any organization listed in subdivision (i) of this subsection or any governmental unit listed in subdivision (m) of this subsection, except the state, which enters into a contract of construction, improvement, or repair upon real estate without first issuing a purchasing agent authorization to a contractor or repairman prior to purchasing tangible personal property to be incorporated into the project may apply to the Tax Commissioner for a refund of any sales and use tax paid by the contractor or repairman on the tangible personal property physically incorporated into the construction, improvement, or repair.
The federal government and its agencies, of course, are immune from taxation by the state. However, this does not mean that taxes that are indirectly paid by the federal government are invalid. In United States v. New Mexico, ___ U.S. ___, 71 L.Ed.2d 580, 102 S.Ct. 1373 (1982), the Court said:
 But the limits on the immunity doctrine are, for present purposes, as significant as the rule itself. Thus, immunity may not be conferred simply because the tax has an effect on the United States, or even because the Federal Government shoulders the entire economic burden of the levy.
We therefore conclude that, ordinarily, taxing the contractor having a construction contract with the federal government, and providing for no refund to the government, would not run afoul of the federal immunity doctrine. However, § 77-2704(1)(i), (1)(m), and (1)(s) change the picture completely. The courts do not permit any discrimination against the United States with respect to bearing the burden of such indirect taxation.
In Marquardt Corporation v. Weber County, Utah,360 F.2d 168 (10th Cir. 1966), a tax was imposed on the possession or beneficial use of property which was exempt from taxation, when such property was used for a business conducted for profit. The court held the statute was not unconstitutional per se, when applied to federal lands, but said that the central question was whether the statute was being discriminatorily applied in the sense that the state was treating its own contractors differently from those dealing with the federal government, and the case was remanded for the trial court to make that factual determination.
Phillips Chemical Co. v. Dumas School Dist., 361 U.S. 376,4 L.Ed.2d 384, 80 S.Ct. 474 (1960), dealt with a tax on the leasehold interest of federal lands, measured by the full value of the land, and on state lands, measured by the value of the leasehold. It also exempted leases on state lands for under three years, or those subject to termination at the lessor's option. In striking down the law, the Court said: `Accordingly, it does not seem too much to require that the State treat those who deal with the Government as well as it treats those with whom it deals itself.'
The entities listed or described in § 77-2704(1)(i) and (1)(m) may avoid the indirect impact of the tax either by appointing the contractors their purchasing agents, or by filing a claim for refund under § 77-2704(1)(s), except that the state cannot use the latter method.
It may be argued that denying the right of a refund to the federal government does not involve discrimination, since the right is specifically denied to the state. However, it is difficult for us to see why the other governmental agencies, besides the state, listed in subsection (1)(m) should be entitled to a refund, but the federal government should not. Even a complete denial of relief to the state, either by way of refund or the purchasing agent procedure, might be justified on the theory that it was simply taking money from one pocket and putting it in another, since the state gets the sales tax. This is not true as to the federal government. Therefore, denying a right to refund to the federal government cannot, in our opinion, be justified on the ground of the same denial to the state. Permitting a refund to the institutions listed in subsection (1)(i) and the governmental units listed in subsection (1)(m), while denying it to the government would be discrimination against the government, forbidden by Phillips ChemicalCo. v. Dumas School Dist., supra.
We also believe the government may, if it chooses, use the purchasing agent procedure. Our opinion of March 28, 1978, Opinions of the Attorney General, 1977-78, No. 223, page 342, pointed out that your office had been recognizing the use of that procedure by the entities listed in subsections (1)(i) and (1)(m) until the passage of an amendment of subsection (1)(i) in 1977 prohibited it for those organizations. We held that this prohibition did not prevent its use by those governmental units listed in subsection (1)(m), even though there was no specific authorization for it. Subsequently, of course, the statute was again amended, to authorize the procedure for entities listed in both subsections. But if your office permitted the use of that device without specific statutory authorization for the entities listed in subsections (1)(i) and (1)(m), we see no reason why it should not do so for the federal government, which is certainly as entitled to relief from the economic burden of these taxes as the entities to whom that relief is specifically given.
3. You ask whether contractors of federal, state, and local governments, their agencies, or other exempt organizations are entitled to the refund of sales and use taxes paid on purchases described in questions 1 and 2. They clearly are not.
Under § 77-2702(3) such contractors are the consumers of the personal property incorporated into the real estate. They are certainly the consumers of tools, machinery, and equipment they use in their construction contracts. Such contractors are not exempt from the payment of sales and use taxes. There is no statutory provision for them to get a refund of such taxes.
We point out that the original Sales and Use Tax Act provided for a refund to such contractors of taxes paid on incorporated personal property. See section 4(1)(i) of LB 377, Laws of 1967. That provision, however, has long since been repealed, and the relief was given to the exempt or immune entity upon whom the economic impact of the tax falls.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General
APPROVED:
Attorney General